# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSCOE HOWARD PRICE, III,
        Appellant,

DOCKET NUMBER
DC-1221-22-0443-W-1

v.

DEPARTMENT OF EDUCATION,
        Agency.

DATE: May 1, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Roscoe Howard Price, III, Prince Frederick, Maryland, pro se.

Jill Siegelbaum and Kristina Lozupone, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant, a GS-15 Contract Specialist, filed this IRA appeal pro se, wherein he alleged that the agency subjected him to various personnel actions in retaliation for his protected whistleblowing. Initial Appeal File (IAF), Tab 1. Pursuant to the administrative judge's acknowledgment order, the parties timely initiated discovery. IAF, Tab 5 at 2-3, Tab 20 at 2. The appellant timely served the agency with requests for production of documents. IAF, Tab 30 at 8-10. Specifically, the appellant sought email communications and many of his requests contained a date range, keywords, and requested custodians. *Id.* The agency responded with objections and nothing else. *Id.* at 12-16.

On July 22, 2022, the appellant filed three motions requesting that the administrative judge compel the agency to respond to his discovery requests. IAF, Tabs 26-28. The administrative judge summarily denied the motions because the appellant did not include a statement regarding his efforts to meet and confer with the agency to narrow the areas of disagreement pursuant to 5 C.F.R. § 1201.73(c). IAF, Tab 29 at 1. The appellant subsequently filed another motion to compel, wherein he asserted that he had attempted to resolve the dispute with the agency prior to filing his motion. IAF, Tab 30 at 5. The agency filed a response and, in relevant part, asserted that it was "willing to engage in discussions to resolve the dispute, possibly even agree to narrowing some of [the appellant's] requests." IAF, Tab 32 at 5-6. Attached to the agency's filing were several emails between the parties discussing the relevant requests. *Id.* at 25-40.

On July 27, 2022, the same day the agency filed its response to the appellant's motion to compel, counsel for the appellant entered an appearance. IAF, Tab 33. The following day, on July 28, 2022, the administrative judge issued an order denying without prejudice the appellant's motion to compel. IAF, Tab 34. He noted the agency's assertion that it remained willing to discuss the discovery requests and stated that, "[b]ased on the appearance of counsel, I conclude that the more appropriate approach is to deny the present motion to

compel without prejudice so that counsel for both parties can meet and confer and evaluate whether they can resolve any of the discovery disputes." *Id.* at 1. The order did not contain a deadline for the parties to meet and confer; however, a prior order stated that all discovery-related motions must be filed by August 19, 2022, the same day that discovery was scheduled to close. IAF, Tab 20 at 2.

On August 17, 2022, counsel for the appellant emailed agency counsel to meet and confer about the relevant discovery requests.[2] IAF, Tab 36 at 16-19. The agency responded that it had not provided any documents that were responsive to the relevant discovery requests because it objected, for many reasons, to each request and, because discovery was set to close on August 19, it would not complete a search for documents even if the appellant agreed to narrow the requests. *Id.* at 15-16. The agency also objected to the appellant's request to extend the discovery deadline. *Id.* at 13.

On August 19, 2022, counsel for the appellant filed another motion to compel regarding the requests for production of documents. *Id.* at 4-10. The agency filed a response in opposition. IAF, Tab 37. The administrative judge denied the appellant's motion to compel, finding that the appellant had failed to meet and confer with the agency in good faith. IAF, Tab 38 at 1-2. He found that the appellant's counsel should have acted sooner to contact the agency about the outstanding discovery dispute following the July 28 order given the August 19 discovery deadline. *Id.* at 2.

The appellant did not request a hearing and the appeal was decided on the written record. IAF, Tab 56, Initial Decision (ID). In the initial decision, the administrative judge found that the appellant proved some, but not all, of his alleged protected disclosures and that he engaged in protected activity. ID at 10-11, 17-19, 21-24. He found that the appellant proved contributing factor for some personnel actions, but that the agency proved, by clear and convincing

---

[2] Prior to August 17, 2022, counsel for both parties discussed other matters, including the appellant's responses to the agency's discovery requests. IAF, Tab 37 at 25-30.

evidence, that it would have taken the same actions in the absence of any protected whistleblowing. ID at 11-31. Accordingly, he denied corrective action. ID at 31. The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review File, Tabs 1, 4, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

Although an administrative judge has wide discretion to control the processing of appeals, such discretion is not unfettered. *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010). The Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the appellant's substantive rights. *See White v. Government Printing Office*, 108 M.S.P.R. 355, ¶ 9 (2008). As set forth herein, we find that the administrative judge abused his discretion in denying the appellant's motion to compel the agency to respond to his discovery requests.

The administrative judge denied the appellant's motion to compel based on his finding that the appellant failed to meet and confer with the agency to resolve the dispute in good faith. IAF, Tab 38 at 1-2. We disagree. The Board's regulations require that, before filing a motion to compel, the moving party must "discuss the anticipated motion with the opposing party or nonparty, and all those involved shall make a good faith effort to resolve the discovery dispute and narrow the areas of disagreement." 5 C.F.R. § 1201.73(c)(1). By the time the appellant filed his final motion to compel on August 19, 2022, the parties had exchanged more than a dozen emails about the relevant requests, between July 22 and August 19, 2022. IAF, Tab 32 at 25-56, Tab 36 at 12-19. The appellant rescinded some requests that the agency objected to, explained why he believed the remaining requests were relevant, and suggested ways in which the information could be obtained. IAF, Tab 32 at 25-56. By the time appellant's counsel contacted the agency on August 17, 2022, the agency was well-aware of

its discovery obligations and, to that point, had not provided any responsive materials. The July 28, 2022 order did not contain a deadline for the parties to meet and confer; however, the appellant complied with the August 19, 2022 deadline for discovery-related motions. IAF, Tab 20 at 2. Accordingly, we find that the appellant met his obligation to meet and confer pursuant to the relevant orders and regulations.

We find that the appellant was prejudiced by the administrative judge's denial of his motion to compel because he was unable to obtain discovery relevant to his burdens of proof. In the initial decision, the administrative judge found that the appellant failed to prove that he made several protected disclosures and, for the disclosures, activity, and personnel actions that were proven, that the agency proved by clear and convincing evidence that it would have taken the same actions absent the appellant's protected whistleblowing. ID at 11-31. The information sought by the appellant related to the alleged disclosures and personnel actions is discoverable. *See Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 16 (2009) (finding an administrative judge abused his discretion in denying a motion to compel that sought information relating to the appellant's burden of proof in an IRA appeal). The administrative judge's finding that the appellant failed to establish certain elements of his claim, while simultaneously denying his ability to obtain relevant, discoverable information, warrants remand. *See Gregory v. Federal Communications Commission*, 79 M.S.P.R. 563, ¶ 15 (1998) ("[I]t is patently unfair for the administrative judge to exclude witnesses whom the appellant indicated could support her claims . . . and then find that she failed to [meet her burden].").

On remand, the administrative judge shall give both parties an opportunity to address the relevance of the appellant's discovery requests that were the subject of his motion to compel. In their responses, the parties should focus on the extent to which each of the appellant's requests is reasonably calculated to lead to the discovery of admissible evidence in light of the factual matters in

dispute in this appeal. To the extent the agency believes that a request is overbroad, it should comply with the request to the maximum extent possible and explain why it should not be required to respond more fully. *See Ryan*, 113 M.S.P.R. 27, ¶¶ 17, 19. The administrative judge shall then determine whether the agency has properly responded to each of the appellant's discovery requests.

There appears to be a dispute regarding the appellant's August 18, 2022 amended discovery request, IAF, Tab 36 at 15, 20, which the agency asserts is not an amended request but, rather, a new request that is untimely, IAF, Tab 37 at 10-11. The administrative judge shall determine whether the agency must respond to the August 18, 2022 request.

After completion of discovery on remand, the administrative judge shall afford the appellant an opportunity to submit newly discovered evidence into the record and shall set a schedule for supplemental briefing. The administrative judge shall issue a new initial decision that incorporates any new evidence submitted on remand.[3]

---

[3] In the initial decision, the administrative judge found that, even if the appellant proved that he was subjected to certain personnel actions, he would find that they were barred by the doctrine of laches. ID at 13 n.7 & 14 n.9. The current record does not support a finding of laches because the agency has not proved, with admissible evidence, that it was prejudiced by the appellant's delay in filing this appeal. *See Brown v. Department of the Air Force*, 88 M.S.P.R. 22, ¶ 5 (2001) (holding that laches bars a claim when an unreasonable delay in bringing the claim has prejudiced the party against whom the action is taken). During closing arguments, counsel for the agency made speculative and generalized assertions about prejudice; however, it is well-established that statements by a party's representative are not evidence. *See Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). On remand, after affording the parties an opportunity to address this issue and after considering any additional evidence in the record, the administrative judge shall determine whether the agency has proved that laches should bar consideration of the 2010 nonselection for the Deputy Director position and the 2011 removal of supervisory functions.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.